# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JOSE VENEGAS-SAGASTE,<br><br>Defendant(s). | 2:10-CR-248 JCM (GWF) |

**ORDER**

Presently before the court is the defendant's § 2255 motion to vacate, set aside, or correct his sentence based on ineffective assistance of counsel. (Doc. # 138). The government responded. (Doc. # 140).

**I.      Background**

On December 2, 2011, defendant Jose Venegas-Sagaste (hereinafter "defendant") pleaded guilty to one count of conspiracy to distribute methamphetamine. (Doc. # 90). The plea agreement contained an appeal waiver and an extensive discussion of the factual basis for the plea. *See id*. That same day, the court held a change-of-plea hearing where it thoroughly discussed the plea agreement with the defendant, ensuring that his guilty plea was knowing and voluntary, that he understood the rights he was waiving by pleading guilty, and that he admitted to the facts that formed the basis of his conviction. (Doc. # 89). On March 21, 2012 the court held a sentencing hearing and gave the defendant an opportunity to allocute. (Doc. # 123). The court sentenced the defendant to the mandatory minimum incarceration term of ten years, followed by five years' supervised release.

**James C. Mahan**
**U.S. District Judge**

1  (Doc. # 109).

2  On June 8, 2012, the defendant filed an untimely *pro se* notice of appeal. (Doc # 113). Upon receiving the appeal, on June 20, 2012, the Ninth Circuit noted that the notice of appeal was untimely and ordered the defendant to show cause why the appeal should not be dismissed. (Doc. # 140). The defendant filed a response and on July 31, 2012, the Ninth Circuit held that the order to show cause was discharged, appointed the defendant counsel, and set a briefing schedule. *Id*. On February 15, 2013, the defendant's counsel filed an *Anders* brief and sought to withdraw as counsel. (Doc. # 133). On October 22, 2013, the Ninth Circuit dismissed the appeal based on the waiver in the plea agreement and granted the defendant's counsel's request to withdraw. *Id*.

Subsequently, the defendant filed the instant section 2255 petition, alleging that he received ineffective assistance of counsel because his counsel failed to (1) advise him of his *Boykin* rights, resulting in an involuntary plea; (2) argue that the plea agreement lacked an adequate factual basis; (3) ensure that he was allowed to allocute at sentencing; and (4) file a timely notice of appeal. (Doc. # 138).

**II.     Legal Standard**

**A.     28 U.S.C. § 2255 Motion, Procedural Default**

A federal prisoner "may move . . . to vacate, set aside or correct [his] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on section 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

. . .

**James C. Mahan**
**U.S. District Judge**

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

This procedural default may be overcome by showing either (1) cause for failing to raise the issue and prejudice or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). But the "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Further, ineffective assistance of counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* at 509).

### B. Ineffective Assistance of Counsel

The elements established by the Supreme Court for prevailing on an ineffective assistance of counsel claim are: (1) the defendant "must show that counsel's representation fell below an objective standard of reasonableness"; and (2) the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

In order to show that counsel's performance was deficient, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Ainsworth v. Woodford*, 268 F.3d 868, 873 (9th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687). In evaluating counsel's performance, consideration must be given to whether the performance was reasonable under all the circumstances. *Strickland*, 466 U.S.

at 688.

"A defendant who pleads guilty on advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005) (quoting *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988)). The application of the *Strickland* test where ineffectiveness of counsel is alleged to invalidate a plea has been defined as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson* . . . and *McMann v. Richardson* . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

### III. Discussion

In the instant case the record clearly demonstrates that (1) the defendant was in fact advised of his *Boykin* rights both by the government in his plea agreement, (doc. # 90), which he testified that he read and understood, (doc. # 122), and again by the court at sentencing, (doc. # 123); (2) the defendant admitted to the facts which serve as the factual basis supporting his guilty plea, both in his plea agreement, (doc. # 90), and in open court at the change-of-plea hearing, (doc. # 122); and (3) the defendant had, and took advantage of, his opportunity to allocute. (Doc. # 123). Therefore, in regard to the first three claims, the defendant has failed to show either unreasonable conduct by his attorney or prejudice, that if not present, would have resulted in the defendant insisting on going to trial.

Furthermore, the defendant claims that he was prejudiced by his counsel's failure to file a timely appeal. However the Ninth Circuit allowed the appeal to go forward, and therefore the

James C. Mahan
U.S. District Judge

- 4 -

1  defendant cannot show he suffered any prejudice based on the untimely filing.

**IV.    Certificate of Appealability**

Where the court denies a petitioner's § 2255 motion, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In the instant case, the defendant fails to make a substantial showing he was denied a constitutional right.

Accordingly, the court declines to issue a certificate of appealability.

**V. Conclusion**

Based on the foregoing analysis, the defendant's petition fails as he has not met the rigorous standard of *Strickland* to show ineffective assistance of counsel for failure (1) to advise him of his *Boykin* rights; (2) to argue that the plea lacked factual basis; (3) to ensure that the defendant was afforded the opportunity to allocute; or (4) to file timely notice of appeal.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motion pursuant to 28 U.S.C. § 2255 (doc. # 138) be, and hereby is, DENIED**.**

IT IS FURTHER ORDERED that the court declines to issue a certificate of appealability in this matter.

DATED June 10, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**